UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DENISE MERRIMON and BOBBY S. MOWERY, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant | )<br>)<br>)<br>)<br>) Docket no. 2:10-cv-00447-NT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON DEFENDANT'S
MOTION FOR RECONSIDERATION**

On February 3, 2012 the Court entered an order certifying the Plaintiff class and granting partial summary judgment to the class on the question of Defendant Unum Life Insurance Company of America's ("**Unum**") liability under the Employee Retirement Income Security Act (**ERISA**), 29 U.S.C. § 1001-1461. for administration of life insurance benefits. Following the First Circuit in *Mogel v. Unum Life Ins. Co.,* 547 F.3d 23, 27 (1st Cir. 2008), which held that "the disposition to the beneficiaries of the benefits due under the plan falls comfortably within the definition of fiduciary duties with respect to plan administration," the Court held that Unum was acting as a fiduciary when it determined the interest rates applicable to the retained asset account (**RAA**) benefits provided to beneficiaries, and that it failed to act in the best interest of the beneficiaries in setting those rates. *Merrimon v. Unum*, 845 F. Supp. 2d 310, 319-20 (D. Me. 2012).

1

The Court acknowledged that its opinion involved controlling questions of law as to which there was substantial ground for difference of opinion,[1] and stated that an interlocutory appeal from its order pursuant to 28 U.S.C. § 1292 could materially advance the ultimate termination of the litigation. *Id.* at 328. By order dated March 30, 2012, the First Circuit denied Unum's petition for leave to file an interlocutory appeal, and the case moved forward from there.

On January 18, 2013, after the close of discovery, the Court held a telephonic status conference with the parties during which Unum stated that it would like "an opportunity to further brief the liability issue." The Plaintiffs objected to this proposed filing, and Unum asserted that "if Plaintiffs after they've seen the brief or if the Court after it sees the brief has an issue with our filing of it, I guess that can be dealt with in a more informed basis once we get it filed." The Court agreed to read whatever UNUM filed,[2] although it cautioned UNUM that it was unlikely to reverse itself.

On February 1, 2013, Unum filed the proposed motion, titled a "Motion for Reconsideration and Entry of Summary Judgment." (ECF No. 96), and the Plaintiffs both opposed the motion itself and filed a motion to strike the motion for reconsideration on the basis that it failed to comply with the requirements of Local Rule 7(g). Rule 7(g) states in pertinent part:

---

[1] *See, Faber v. Metropolitan Life Ins. Co.,* 648 F.3d 98, 100-101 (2d Cir. 2011).
[2] The Court has read UNUM's motion for reconsideration, the Plaintiffs' response and UNUM's reply. The Court agrees with the Plaintiffs that the motion is essentially a rehash of arguments previously rejected by the Court.

2

**Motions for Reconsideration**.

> A Motion to reconsider an interlocutory order of the court . . . shall demonstrate that the order was based on a manifest error of fact or law and shall be filed within 14 days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time. Cause for not filing within 14 days from the date of the order includes newly available material evidence and an intervening change in the governing legal standard.

Unum contends, first, that it delayed filing its motion for reconsideration in the hope that the First Circuit would provide guidance on the issue of its liability to the Plaintiffs, either by taking the interlocutory appeal in this case or by deciding a similar case pending on appeal before the First Circuit, *Otte v. Life Ins. Co. of N.A.*, 275 F.R.D. 50 (D. Mass. 2011). The First Circuit denied Unum's motion for interlocutory appeal on March 30, 2012 – ten months before Unum moved for reconsideration. As for the *Otte* appeal, the parties in *Otte* reached a settlement in the fall of 2012, thus extinguishing any hope of clarification from the First Circuit. If the First Circuit had issued an opinion in *Otte* that contradicted this Court's ruling on liability, this would have been cause for reconsideration. But the mere prospect of an appellate ruling does not provide cause under Rule 7(g) to delay filing a motion for reconsideration. Even if the hope of forthcoming guidance were considered excusable delay, Unum has known since the fall of 2012 that *Otte* was not going to be decided, and yet it waited until February 1, 2013 to file its motion for reconsideration.

Unum next argues that the parties' discovery, and specifically the development of the experts' testimony, clarifies some of the liability issues addressed in the Court's February 3, 2012 order. In particular, Unum points to:

- McAvity's testimony that no one in the insurance industry had thought that RAA interest rates were subject to ERISA;

- McAvity's testimony that RAA holders could not move their funds from one company's RAA to another's;

- Pfeifer's concerns that McAvity's top quintile model, which was designed in response to the Court's "best available terms" language, will cause rates to spiral upward without bound or will result in all insurers offering the same rate, which could change on a daily basis; and

- Pfeifer's concerns that the top quintile model raises additional questions and could force insurers to follow competitors who might be making aggressive pricing mistakes.

This testimony, Unum asserts, reflects some of the serious practical problems that would flow from the Court's decision.

Even if the Court were inclined to agree with Unum's argument on the merits, Unum has not satisfied the standard for "newly available material evidence" under Rule 7(g). This requires Unum to present evidence that is not only new to it, but that was not previously available. *See Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Although the experts in this case were not deposed until after the First Circuit declined to take up Unum's appeal, Unum does not argue that their opinions were not available to it prior to January of 2013. Indeed, as of February 13, 2012, Unum was already arguing that the Court's decision upended three decades of RAA administration, that "insurance regulators and the DOL have voiced none of the concerns now raised by the District Court in this case," and that it would be in

4

practice impossible to comply with the Court's ruling. *See* Unum's Petition for Leave to Appeal 18-20 (ECF No. 68-1). The time for Unum to have brought these arguments to the Court was directly following the First Circuit's denial of its interlocutory appeal. It would be prejudicial to the Plaintiffs, after they have invested months of time and resources toward advancing the case to trial, to take up these questions now.

Unum argues, finally, that it made its showing of cause to delay filing its motion for reconsideration at the January 18, 2013 conference and that the Court orally agreed with this showing. However, at no time during the conference did Unum set forth the standard under Rule 7(g) for accepting a late-filed motion for reconsideration. If Unum wished for any assurance from the Court that it would have its motion considered on the merits despite its untimeliness, it was incumbent upon Unum to outline exactly what it was asking for. There was within the Court's agreement to allow Unum to file its motion no tacit ruling that Unum had met its Rule 7(g) burden to make a late-filed motion for reconsideration.

For the foregoing reasons, the Plaintiffs' motion to strike Unum's motion for reconsideration is **GRANTED** and Unum's motion for reconsideration is **DENIED**. **SO ORDERED**.

/s/ Nancy Torresen
United States District Judge

Dated this 10th day of April, 2013.